**SHEIRO TRADING CORP.**

v.

**UNITED STATES.**

**C.D. 2669; Protest No. 61/12759.**

United States Customs Court,
Second Division.

May 4, 1966.

Siegel, Mandell & Davidson, New York City (David Serko, Allan H. Kamnitz, and Richard H. Abbey, New York City, of counsel), for plaintiff.

John W. Douglas, Asst. Atty. Gen. (Richard J. Kaplan and Harvey A. Isaacs, New York City, trial attorneys), for defendant.

Before RAO, FORD, and LANDIS, Judges.

LANDIS, Judge.

The nine protests here involved and consolidated for the purpose of trial concern the classification of certain padlocks, cabinet, or drawer locks, under paragraph 384 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 384), as modified by the General Agreement on Tariffs

and Trade, 82 Treas. Dec. 305, T.D. 51802. They were assessed by the collector at 50 cents per dozen and 10 per centum ad valorem; at 75 cents per dozen and 10 per centum ad valorem; and at $1 per dozen and 10 per centum ad valorem, according to the size of the locks, and plaintiff does not contest the Government's findings on this element of the classification.

Plaintiff claims, however, that these locks are "not of pin tumbler or cylinder construction," as provided in the act, but are known in the trade and commerce of the United States as locks of plate or disc tumbler construction. It is plaintiff's contention that the padlocks (plaintiff's exhibits 1 through 5) assessed at 50 cents per dozen and 10 per centum ad valorem or at 75 cents per dozen and 10 per centum ad valorem, depending upon the size, should be classified under paragraph 384 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as padlocks, "not of pin tumbler or cylinder construction," at the rate of 15 cents per dozen and 8½ per centum ad valorem, or 22 cents per dozen and 8½ per centum ad valorem, depending upon the size. In addition to the padlocks, plaintiff further claims the two locks invoiced as drawer locks, but which are not represented by exhibits, and assessed at $1 per dozen and 10 per centum ad valorem should be classified as cabinet locks, "not of pin tumbler or cylinder construction," under paragraph 384 at the rate of 43 cents per dozen and 10 per centum ad valorem.

The portion of paragraph 384 of the Tariff Act of 1930, as modified by T.D. 51802, under which the locks were assessed, is as follows:

Padlocks of pin tumbler or cylinder construction:

Not over one and one-half inches in width . . . . . . . . . . . .50¢ per doz. and 10% ad val.

Over one and one-half and not over two and one-half inches in width . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .75¢ per doz. and 10% ad val.

\* \* \* \* \* \* \* \* \* \*

All other locks or latches of pin tumbler or cylinder construction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1 per doz. and 10% ad val.

The portion of paragraph 384 of the Tariff Act of 1930, as modified by T.D. 54108, under which plaintiff claims the locks should have been assessed, is as follows:

Cabinet locks, not of pin tumbler or cylinder construction:

\* \* \* \* \* \* , \* \* \* \*

Over 1½ but not over 2½ inches in width . . . . . . . . . . .43¢ per doz. and 10% ad val.

\* \* \* \* \* \* \* \* \* \*

Padlocks not of pin tumbler or cylinder construction:

Not over 1½ inches in width . . . . . . . . . . . . . . . . . . . . .15¢ per doz. and 8½% ad val.

Over 1½ but not over 2½ inches in width . . . . . . . . . .22¢ per doz. and 8½%

It was stipulated by the parties that the locking mechanism or security device of all the locks in issue operates on a similar principle, viz, that of a disc tumbler mechanism and that the merchandise is wholly or in chief value of metal, not plated with platinum, gold, or silver.

Plaintiff introduced in evidence five samples of disc tumbler locks and a drawing of the mechanism of a disc tumbler lock. Plaintiff also introduced samples of pin tumbler locks and a diagram of the mechanism of a pin tumbler lock.

The exhibits introduced by defendant were a pin tumbler plug, a disc tumbler plug, two lever tumbler-type padlocks, and a pin tumbler-type padlock with the face cut away to show the inner workings.

Two witnesses testified, one for the plaintiff and one for the defendant. The witness for plaintiff, Mr. Bernard Zion, a licensed locksmith and owner of the Majestic Lock Co., which he established in 1930, testified he was engaged in the purchase and sale of locks and key blanks made by various American manufacturers and in the setting of grand mastering systems; that for 3 years prior to 1930 he was employed by the Independent Lock Co. of Fitchburg, Mass., as the factory representative throughout the United States; that his travels continued for 26 years in his own business covering 50,000 miles a year; that he has done consulting work for the Independent Lock Co., Yale & Towne Lock Co., the National Lock Co., Siegel Lock Co., and the Mosler Safe Co.; that he had done consulting work for the F. B. I., Narcotics Squad, Army Intelligence, Naval Intelligence, and the Appraiser's Stores; and that he is the holder of several patents, one a telephone lock and another a tool for opening locks which is used extensively by law enforcement agencies.

Mr. Zion stated he was familiar with plaintiff's exhibits 1 to 5, having been consulted by and having advised the Appraiser's Stores that they were not, in his opinion, of pin tumbler or cylinder construction; that the mechanism of such locks was known in the trade and commerce of the United States as a plate, disc, or wafer; that, in his recollection, this type of mechanism came into existence approximately in 1930; and that locks with this mechanism have been known since that time as disc tumbler locks. He stated that the discs or wafers and the springs that actuate them are contained in the plug; that at no time was the disc tumbler lock ever known as a cylinder lock or as a pin tumbler lock, nor was it, in fact, any one of these types of locks.

Mr. Zion explained how the pin tumbler cylinder lock worked, viz, that the shell of the cylinder contained the springs and driver pins which act as a locking device when the key is withdrawn from the plug; that the pins on the bottom of the plug are aligned when the proper key is set into the plug and permits the plug to turn; that, when the key is withdrawn, the springs push down the drivers and set them into the plug holes and keep the plug from turning; that a padlock of pin tumbler construction operates in the same manner as does a pin tumbler cylinder lock; and that the drivers and springs in the upper portion of the lock and the plug and bottom pins in the lower portion, when lined up, permit the key to operate the lock.

Mr. Zion stated that exhibits 1 to 5 were padlocks with a disc mechanism; that the key goes through the disc and that the shell is merely a housing and does not contain any of the works of a pin tumbler lock; that exhibits 1 through 5 do not contain the mechanism of what is known in the trade as a cylinder lock; that exhibits 1 through 5 are definitely not of cylinder construction, but are disc or wafer locks; and that the pin tumbler lock and the cylinder lock operate in the same fashion, except that one is round and the other is not.

The witness further stated that a cylinder lock depends not on the outer shell for its appellation, but rather on the formation of the parts inside; that the construction and operation of a so-called "pin tumbler lock" and a so-called "cylin-

der lock" are the same, and the only reason there is a differentiation is because the pin tumbler padlock is not generally round, but the inner construction is identical to a lock which has the traditional cylindrical appearance. Although there is some confusion in the witness' testimony on questions involving the term "cylinder," he stressed the point that a lock could not be of cylinder construction, as known in the trade and commerce of the United States, without having a pin tumbler mechanism.

On redirect examination, Mr. Zion agreed with the statement in the Summary of Tariff Information of 1929 that the term "cylinder lock is applied to a lock in which the pin tumbler is contained in a cylinder separate from the lock case" and stated that, in his opinion, a lock must contain pin tumblers to be known as a cylinder lock.

The defendant's witness, Mr. Kenneth Lanyon, a regional sales manager of Yale & Towne, lock and hardware manufacturers, stated he had been with the organization for 41 years and a salesman for 31 of those years. The witness stated that locksmithing was a hobby of his but that he was by no means an expert, though he was familiar with locks through sales.

Mr. Lanyon testified as to the various kinds of locks but disagreed with the testimony of plaintiff's witness Zion that a lock must contain pin tumblers to be known as a cylinder lock and stated that, in his opinion, a disc tumbler lock is a type of cylinder construction. He further stated that both the plugs of the pin tumbler and the disc tumbler are practically the same, a cylindrical type performing the same function; that the only difference is that in the pin tumbler lock the balance of the key mechanism is in the housing of the lock; that in the pin tumbler lock the pins, rather than the discs, are the tumblers; however, he stated the basic operating principle is the same. The witness disagreed with the definition of a cylinder lock in the Sum-

mary of Tariff Information, 1929, contrary to the position taken by plaintiff's witness Zion, but agreed with the definition taken from the Encyclopedia Americana that the term "cylinder" is applied to locks in which the pin tumbler is contained in the cylinder separate from the lock case.

The witness stated on cross-examination that plaintiff's witness Zion was a recognized expert in the field of locksmithing and agreed with the previous testimony that the invention by Yale in about 1861 of the so-called cylinder or pin tumbler lock was a revolutionary invention in the lock field; that the terms "cylinder" and "pin tumbler" are generally construed to be synonymous, but that, in dealing with his customers, the witness at times used other terms, such as disc tumbler cylinder lock.

It appears to us from a preponderance of the evidence in this case that the disc tumbler locks here involved cannot be considered to be locks of pin tumbler or cylinder construction under paragraph 384 of the tariff act.

Both of the witnesses, Mr. Zion for the plaintiff and Mr. Lanyon for the defendant, gave similar testimony as to the origin, mechanism, and operation of the pin tumbler and cylinder locks. They stated that the terms "pin tumbler" and "cylinder" were interchangeable in 1930 and today, although Witness Lanyon for the defendant stated he and his company used the term "cylinder" to designate locks using a disc tumbler or wafer security mechanism. The weight of the witness Lanyon's testimony is, however, somewhat affected by his statement that, although locksmithing was a hobby of his, he was by no means an expert, and his further statement that the plaintiff's witness, Mr. Zion, was an expert in the locksmithing field and that he, Lanyon, was "not a Mr. Zion in the locksmithing field."

In the Summary of Tariff Information, 1929, on the Tariff Act of 1922, the

following item appears under the heading "Locks and Latches":

> Description and uses.—The principal kinds of locks are: Building, cabinet, trunk, vault or safe, and padlocks. *"Pin-tumbler" locks are those with movable levers or pins within the lock* which must be moved to a certain position before the bolt can slide. The term *"cylinder lock" is applied to a lock in which the pin tumbler is contained in a cylinder separate from the lock case.* The cheaper grades have one or two tumblers, while the more expensive locks have as many as seven or eight tumblers, thus having a greater degree of security. [Emphasis supplied.]

As heretofore stated, the defendant's witness Mr. Lanyon disagreed with the definition of "cylinder lock" therein contained. Defendant in its brief states such Summary of Tariff Information is of little assistance in determining whether a disc tumbler lock is one of cylinder construction for the reason that the lock was unknown prior to 1927 or 1930 and that "tariff acts are made for the future," citing Davies Turner & Co. v. United States, 45 CCPA 39, C.A.D. 669. The cited case when used in its entirety does not, however, support defendant's position. The salient portions of such opinion as quoted with approval in the subsequent case of Hoyt, Shepston & Sciaroni, Blondheim & Co. v. United States, 52 CCPA ——, C.A.D. 865, Customs Appeal No. 5167, decided June 24, 1965, are as follows:

> * * * The meaning of *eo nomine* provisions is to be determined as of the date of enactment but, when so determined, that meaning will embrace all subsequently created articles which fall within it. Tariff Acts, therefore, are made for the future in the sense that they embrace articles not in existence at the time of enactment, but the meaning of words used in such acts is fixed at the time of enactment and does not fluctuate as the meaning of words might subsequently vary.

It further quoted with approval from Smillie & Co. v. United States, 12 Ct. Cust.App. 365, T.D. 40520, as follows:

> This rule [that the meaning of an *eo nomine* provision of a tariff act is that which it has at the time of enactment] of course, does not operate to exclude articles which are not known at the time of the passage of the act, but which come into being later. *As to all such articles the statute will be held to apply if the articles possess an essential resemblance to the ones named in the statute in those particulars which the statute established as the criteria of the classification.* [Emphasis quoted.]

The court then held that "the 1930 meaning of 'sausage casings' clearly required that the casing be made of animal organs or parts," and excluded those which were in part synthetic, involved in such case, even though both casings served the same purpose. The meaning of the terms used at the time of enactment clearly indicated congressional intent to embrace only those casings made wholly of natural entrails.

The criteria established by Congress, in the instant matter, "of pin tumbler or cylinder construction" is clearly set forth in the Summary of Tariff Information, 1929:

> * * * "Pin-tumbler" locks are those with movable levers or pins within the lock which must be moved to a certain position before the bolt can slide. The term "cylinder lock" is applied to a lock in which the pin tumbler is contained in a cylinder separate from the lock case. * * *

Having established the criteria of classification, it is of little importance whether the disc tumbler came into existence prior to, at the time of, or after the publication of the Summary of Tariff Information, 1929, for if the disc tumbler lock was a commercial entity, the above quotation clearly excludes it from the provision under examination. On the other hand, if the lock was not in exist-

ence or was commercially unknown in 1929, such a statement clearly illustrates that "pin tumbler construction" and "cylinder construction" were interchangeable terms for the pin tumbler type of lock and excluded all others.

 Congress thus provided for the pin tumbler lock, also known as the cylinder lock. From that lock and based on its construction, a cheaper, less trustworthy, completely new lock was developed, replacing springs and pin tumblers with discs. But Congress had already provided for new developments, since tariff acts are made for the future, by having had inserted a second provision in paragraph 1437 of the Tariff Act of 1922, the identical predecessor of paragraph 384 of the Tariff Act of 1930, for locks "*not* of pin tumbler or cylinder construction." The provision for locks "of pin tumbler or cylinder" construction is not emasculated, as suggested by defendant, but provision is merely made for a single product with appellations, and if there is any doubt as to its interpretation, it should be resolved in favor of the plaintiff. United States v. Greek Orthodox Church of Evangelismos, 49 CCPA 35, C.A.D. 792.

 Upon a preponderance of the record evidence before us and in view of the foregoing considerations, we hold that the padlocks and cabinet or drawer locks here involved are locks, "not of pin tumbler or cylinder construction," as provided for in paragraph 384 of the Tariff Act of 1930, as modified by T.D. 54108, and that said locks are dutiable as follows: Padlocks, not of pin tumbler or cylinder construction, not over 1½ inches in width, 15 cents per dozen and 8½ per centum ad valorem; over 1½ but not over 2½ inches in width, 22 cents per dozen and 8½ per centum ad valorem; cabinet locks, not of pin tumbler or cylinder construction, over 1½ but not over 2½ inches in width, 43 cents per dozen and 10 per centum ad valorem.

The protests are sustained, and judgment will be rendered for the plaintiff.