**No. P67/160.**—S. Hiller Co. *v.* United States, protest 66/5762 (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of telephone locks of plate or disc tumbler construction; that locks of plate or disc tumbler construction were held not to fall within the tariff designation locks of pin tumbler or cylinder construction in *Shriro Trading Corp. v. United States* (56 Cust. Ct. 422, C.D. 2669) ; that the instant locks are, in fact, of plate or disc tumbler construction, and are, in fact, not padlocks, cabinet, or drawer locks and are in chief value of base metal, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, MAY 11, 1967

**No. P67/161.**—American Customs Brokerage Co. and Hong Kong Imports et al. *v.* United States, protests 64/15105, etc. (Honolulu).

RICHARDSON, J.   In accordance with stipulation of counsel that the items of merchandise marked "A" consist of Ramen and similar styled alimentary pastes containing eggs or egg products similar in all material respects to those the subject of *Fujii Junichi Shoten, Ltd., et al. v. United States* (54 Cust. Ct. 277, C.D. 2544), and that the items of merchandise marked "B" consist of Ramen and similar styled alimentary pastes, not containing eggs or egg products similar in all material respects to those the subject of *Shirokiya, Incorporated*, and *American Customs Brokerage Company* v. *United States* (54 Cust. Ct. 463, Abstract 69374), the claims of the plaintiffs were sustained.