**No. P67/195.**—S. Hiller & Co. et al. *v.* United States, protests 62/14823, etc. (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of certain padlocks, cabinet, or drawer locks similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiffs was sustained.

**No. P67/196.**—Int'l Hardware Import, Ltd. *v.* United States, protests 63/2438, 64/2258, and 64/997 (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of showcase locks and push locks in chief value of brass or steel or iron, not plated with platinum, gold, or silver and not colored with gold lacquer; that following the principle of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), said locks are not locks of cylinder or pin tumbler construction; and that said locks are not cabinet locks or padlocks; the claim of the plaintiff was sustained.

**No. P67/197.**—Seedman International Corp. et al. *v.* United States, protests 66/23355, etc. (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of disc tumbler padlocks similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiffs was sustained.