BEFORE THE SECOND DIVISION, JULY 13, 1967

No. P67/232.—A. L. Liebman & Son, Inc. *v.* United States, protest 65/7435(B) (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of cabinet locks, not of cylinder or pin tumbler construction, similar in construction to the cabinet locks which were the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiff was sustained.

No. P67/233.—Seedman International Corp. *v.* United States, protest 66/43066 (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of disc tumbler padlocks similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiff was sustained.

No. P67/234.—F. B. Vandegrift & Co., Inc. *v.* United States, protests 62/4323, etc. (Philadelphia).

No. P67/235.—F. B. Vandegrift & Co., Inc. *v.* United States, protests 63/3418, etc. (Philadelphia).

No. P67/236.—F. B. Vandegrift & Co., Inc. *v.* United States, protests 64/12305, etc. (Philadelphia).

BECKWORTH, J.   In accordance with stipulation of counsel that the items of merchandise marked "A" covered by the foregoing protests consist of curling irons or hair straightening combs in chief value of iron or steel similar in all material respects to those the subject of *F. B. Vandegrift & Co., Inc.* v. *United States* (56 Cust. Ct. 103, C.D. 2617), and that the items marked "B" consist of hair straightening combs in chief value of brass similar in all material respects to those the subject of C.D. 2617, *supra*, the claims of the plaintiffs were sustained.