Landis, J.   In accordance with stipulation of counsel that the items of merchandise marked "A" consist of padlocks not over 1½ inches in width and that the items of merchandise marked "B" consist of padlocks over 1½ inches but not over 2½ inches in width, said items marked "A" and "B" being similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiff was sustained.

Before the First Division, February 5, 1968

**No. P68/39.**—Seaway Importing Co. and R. J. Saunders & Co., Inc. v. United States, protest 66/1351 (New York).

Beckworth, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of gunracks with drawers similar in all material respects to those the subject of *Hurricane Import Co.* and *Wheeler & Miller* v. *United States* (55 Cust. Ct. 210, C.D. 2577), the claim of the plaintiffs was sustained.

**No. P68/40.**—F. J. Neil Co., Inc. v. United States, protests 64/9923, etc. (New York).

**No. P68/41.**—F. J. Neil Co., Inc. v. United States, protests 65/18753, etc. (New York).

Beckworth, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of wood slats similar in all material respects to those the subject of *Acme Venetian Blind & Window Shade Corp.* v. *United States* (56 Cust. Ct. 563, C.D. 2704), the claim of the plaintiff was sustained.

Before the Second Division, February 5, 1968

**No. P68/42.**—L. & B. Products Corp. et al. v. United States, protests 65/3773, etc. (New York).

Landis, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of cabinet locks not over 1½ inches in width similar in all material respects to those

the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiffs was sustained.

No. P68/43.—Service Cycle Supply Corp. *v.* United States, protests 66/11956, etc. (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of padlocks of base metal over 1.5 inches but not over 2.5 inches in width similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiff was sustained.

No. P68/44.—Int'l. Hardware Imports, Ltd. *v.* United States, protest 66/3973 (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of door locks in chief value of iron or steel, not plated with platinum, gold, or silver, and not colored with gold lacquer; that following the principle of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), said locks are not locks of cylinder or pin tumbler construction; and that said locks are not cabinet locks or padlocks, the claim of the plaintiff was sustained.

No. P68/45.—Charles A. Koons, Inc., et al. *v.* United States, protests 286071–K, etc. (Philadelphia).

LANDIS, J.   In accordance with stipulation of counsel that the items of merchandise covered by the foregoing protests consist of seamless steel tubes with plain square-cut ends made to American Petroleum Institute specifications for grade J–55 steel to be made into couplings for oil well casing the same in all material respects as those the subject of *John A. Steer Co., a/c Charles A. Koons, Inc.* v. *United States* (54 CCPA 81, C.A.D. 911), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, FEBRUARY 7, 1968

No. P68/46.—Weather-Rite Sportswear Co., Inc. *v.* United States, protests 61/5675 and 61/9295 (New York).

No. P68/47.—Weather-Rite Sportswear Co., Inc. *v.* United States, protests 64/1938, etc. (New York).

No. P68/48.—Weather-Rite Sportswear Co., Inc. *v.* United States, protests 64/6293, etc. (New York).