No. P68/43.—Service Cycle Supply Corp. v. United States, protests 66/11956, etc. (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of padlocks of base metal over 1.5 inches but not over 2.5 inches in width similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiff was sustained.

No. P68/44.—Int'l. Hardware Imports, Ltd. v. United States, protest 66/3973 (New York).

LANDIS, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of door locks in chief value of iron or steel, not plated with platinum, gold, or silver, and not colored with gold lacquer; that following the principle of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), said locks are not locks of cylinder or pin tumbler construction; and that said locks are not cabinet locks or padlocks, the claim of the plaintiff was sustained.

No. P68/45.—Charles A. Koons, Inc., et al. v. United States, protests 286071–K, etc. (Philadelphia).

LANDIS, J. In accordance with stipulation of counsel that the items of merchandise covered by the foregoing protests consist of seamless steel tubes with plain square-cut ends made to American Petroleum Institute specifications for grade J–55 steel to be made into couplings for oil well casing the same in all material respects as those the subject of *John A. Steer Co., a/c Charles A. Koons, Inc.* v. *United States* (54 CCPA 81, C.A.D. 911), the claim of the plaintiffs was sustained.