**No. P68/392.**—Dumont Handkerchiefs, Inc. v. United States, protests 67/68123 and 67/68143 (New York).

**No. P68/393.**—Handcraft, Inc. v. United States, protest 67/68133 (New York).

**No. P68/394.**—Dumont Handkerchiefs, Inc. v. United States, protest 67/74922 (New York).

FORD, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of silk handkerchiefs similar in all material respects to those the subject of *Ashear Bros., Inc.* v. *United States* (55 Cust. Ct. 238, C.D. 2582), the claim of the plaintiffs was sustained.

(NOTE: The following protests were decided by a special second division consisting of RAO, FORD, and RICHARDSON, Judges.)

**No. P68/395.**—T.A.P. Equipment, dba Thrifty Equipment Co. et al. v. United States, protests 61/16393, etc. (Los Angeles).

RICHARDSON, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of parts of diesel engines which are parts of agricultural tractors similar in all material respects to those the subject of *TAP Equipment Co., dba Thrifty Equipment Co.* v. *United States* (58 Cust. Ct. 559, C.D. 3051), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 17, 1968

**No. P68/396.**—S. Hiller & Co. v. United States, protest 67/73311 (New York).

FORD, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of disc tumbler padlocks similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669), the claim of the plaintiff was sustained.